UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CROSSFIT, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDRES DEL CUETO DAVALOS,<br><br>        Defendant. | Case No. 14-cv-00725-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ANDRES DEL CUETO DAVALOS**<br><br>[Re: ECF 40] |

Plaintiff CrossFit, Inc. ("CrossFit") moves for default judgment against the only remaining defendant in this case, Andres Del Cueto Davalos ("Del Cueto"). The Court has considered CrossFit's briefing and evidence as well as the oral argument that CrossFit's counsel presented at the hearing on February 23, 2017. The motion is GRANTED for the reasons discussed below.

**I.      BACKGROUND**

CrossFit's complaint alleges the following facts: CrossFit is a Delaware corporation which provides personal fitness services and products. Compl. ¶¶ 2-3, ECF 1. CrossFit certifies personal trainers, coordinates an annual worldwide fitness competition known as the "CrossFit Games," disseminates fitness and nutrition information through the "CrossFit Journal," and sells CrossFit-branded merchandise through the "CrossFit Store" on the CrossFit website. *Id.* ¶ 3. CrossFit has used the mark "CrossFit" in commerce since at least 1985 and the mark has been registered with the United States Patent and Trademark Office since at least 2005. *Id.* ¶ 18.

CrossFit licenses "affiliates" to operate individual CrossFit-branded programs. Compl. ¶ 24. A CrossFit affiliate offering the CrossFit program refers to its physical location as a "box." *Id.* ¶ 20. CrossFit takes many precautions to ensure that services provided by affiliates are of the highest quality, such as requiring all CrossFit trainers to obtain certification through a CrossFit certification seminar and limiting each affiliate to operating a single CrossFit program to ensure the quality of hands-on involvement by the owner. *Id.* ¶¶ 26-27. CrossFit's rule is "one trainer,

1   one box." *Id.* ¶ 26.

2   In February 2010, Defendant Del Cueto signed an affiliate agreement granting him
3   authority to operate a CrossFit program at one location in Mexico. Compl., ¶ 30-31. Del Cueto
4   chose the affiliate name "CrossFit Alfa" and he was granted permission to register the domain
5   name www.crossfitalfa.com. *Id.* Del Cueto renewed his affiliate agreement annually through
6   2014. *Id.* ¶ 32.

7   In July 2011, Del Cueto caused his agent, Alfa Extreme Fitness S.A. De C.V. ("Alfa
8   Extreme Fitness"), to register the domain name www.crossfitbeta.com. *Id.* ¶ 35. At an unknown
9   date, Del Cueto and Alfa Extreme Fitness caused the domain names www.crossfitalfa.com and
10  www.crossfitbeta.com to redirect website visitors to a third website, www.wodbox.com, in order
11  to siphon CrossFit consumers to their own "Wodbox Training Centers." *Id.* ¶¶ 36-40. Del Cueto
12  and Alfa Extreme Fitness now operate twenty-five unauthorized "Wodbox Training Centers"
13  across Mexico, each holding itself out to be related to CrossFit. *Id.* ¶ 39. Del Cueto and Alfa
14  Extreme Fitness use the CrossFit marks and brand to promote their "Wodbox" businesses. *Id.* ¶
15  40.

16  CrossFit filed this lawsuit against Del Cueto and Alfa Extreme Fitness on February 14,
17  2014, but it subsequently dismissed Alfa Extreme Fitness, leaving Del Cueto the only remaining
18  defendant. Compl., ECF 1; Notice of Voluntary Dismissal, ECF 41. The complaint asserts two
19  claims against Del Cueto, the first for breach of contract and the second for violation of the
20  Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Del Cueto did not
21  respond to the complaint and CrossFit obtained a Clerk's entry of default on September 21, 2016.
22  Clerk's Notice of Entry of Default, ECF 39. CrossFit now seeks default judgment.

23  **II.   LEGAL STANDARD**

24  Pursuant to Federal Rule of Civil Procedure 55, a court may grant default judgment against
25  a defendant who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(b)(2).
26  "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a
27  district court has an affirmative duty to look into its jurisdiction over both the subject matter and
28  the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The district court also must "assess the

2

1 adequacy of the service of process on the party against whom default is requested." *DFSB*
2 *Kollective Co., Ltd. v. Bourne*, 897 F. Supp. 2d 871, 877 (N.D. Cal. 2012) (internal quotation
3 marks and citation omitted).
4     Even when those requirements are satisfied, the plaintiff is not automatically entitled to a
5 default judgment, and "[t]he district court's decision whether to enter a default judgment is a
6 discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that
7 discretion, this Court must consider the following seven factors articulated by the Ninth Circuit in
8 *Eitel v. McCool* ("*Eitel* factors"): "(1) the possibility of prejudice to the plaintiff, (2) the merits of
9 plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in
10 the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was
11 due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil
12 Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.
13 1986).
14     In evaluating the *Eitel* factors, well-pled allegations in the complaint are taken as true,
15 except those regarding damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th
16 Cir. 1987). The Court may, in its discretion, consider evidence submitted with a motion for
17 default judgment to determine damages. *Id.*

### III. DISCUSSION

#### A. Service

Federal Rule of Civil Procedure 4(f) provides that service on an individual in a foreign country is adequate if made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1). CrossFit submits evidence that the Judicial Branch of the State of Mexico certified that service of process was effected on Del Cueto in accordance with the Hague Convention on January 28, 2016. Dusseault Decl. ¶ 7, ECF 40-1; CrossFit, Inc.'s Certification of Service of Process, ECF 32. "[A] plaintiff's proof of service constitutes prima facie evidence of valid service which can only be overcome by strong and convincing evidence." *Chassin Holdings Corp. v. Formula VC Ltd.*, No. 15-CV-

3

1  02294-EMC, 2017 WL 66873, at *5 (N.D. Cal. Jan. 6, 2017) (internal quotation marks and
2  citation omitted).  The Court is satisfied that service of process was adequate with respect to Del
3  Cueto.

### B. Jurisdiction

The Court next turns to the issues of subject matter jurisdiction and personal jurisdiction. Claim 2 asserts violations of the ACPA, which imposes liability on persons who register, traffic, or use domain names with a bad faith intent to profit from the trademark of another.  The Court therefore has subject matter jurisdiction under both 28 U.S.C. §1331, conferring subject matter jurisdiction over civil actions arising under federal law, and 28 U.S.C. § 1338, conferring subject matter jurisdiction over civil actions arising under federal statutes relating to trademarks.

The Court also has personal jurisdiction over Del Cueto.  Claim 1 asserts breach of the affiliate agreement between CrossFit and Del Cueto, which provides in relevant part that "[a]ll disputes arising out of this Agreement will be subject to the exclusive jurisdiction of the state courts located in Santa Cruz County, California, and the federal courts located in Santa Clara County, California, and each party hereby consents to the personal jurisdiction thereof."  CrossFit Affiliate Agreement ¶ 11.5, Exh. B to Compl., ECF 1.  This language is sufficient to confer personal jurisdiction here.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. . . .  Where such forum-selection provisions have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust,' their enforcement does not offend due process.") (internal citations omitted); *Calix, Inc. v. Alfa Consult, S.A.*, No. 15-CV-00981-JCS, 2015 WL 3902918, at *3 (N.D. Cal. June 24, 2015) ("A contract's forum selection clause is by itself sufficient to establish consent and confer personal jurisdiction.").

### C. *Eitel* Factors

Turning to the first of the *Eitel* factors, prejudice to the plaintiff, CrossFit would have no recourse absent default judgment because Del Cueto has elected not to respond to the complaint, thereby denying CrossFit a hearing on its claims.

4

The second and third factors, addressing the merits of the plaintiff's claims and the sufficiency of the complaint, are satisfied if the plaintiff asserts claims upon which he may recover. *IO Group, Inc. v. Jordon*, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010). CrossFit's complaint alleges facts adequate to state claims for both breach of the affiliate agreement and violation of the ACPA. *See* Compl. ¶¶ 49-54 (breach of contract), ¶¶ 55-59 (ACPA).

With respect to the fourth factor, the sum of money at stake, CrossFit seeks $200,000 in statutory damages under the ACPA as well as costs and reasonable attorneys' fees. Among the remedies available to a plaintiff who establishes a violation of the ACPA are statutory damages in an amount not less than $1,000 and not more than $100,000 per domain name, an award of costs, and, in exceptional cases, an award of reasonable attorneys' fees. 15 U.S.C. §§ 1117(a), (d). CrossFit requests that maximum statutory damages of $100,000 for each of the two domain names used by Del Cueto which incorporated the "CrossFit" mark, www.crossfitalfa.com and www.crossfitbeta.com. CrossFit argues that the maximum statutory damages are warranted here because Del Cueto's conduct was particularly egregious. The facts alleged in the complaint, which are taken as true for purposes of this motion, establish that Del Cueto used domain names incorporating the correctly spelled "CrossFit" mark to redirect consumers to another website for the purpose of competing directly with CrossFit when Del Cueto was under contract to further the CrossFit brand. Compl. ¶¶ 36-45. Courts in this district have held that domain names incorporating the plaintiff's correctly spelled mark are more malicious than domain names that misspell the mark or incorporate the mark alongside misspelled words, *see Facebook, Inc. v. Banana Ads LLC*, No. CV 11-03619-YGR (KAW), 2013 WL 1873289, at *16 (N.D. Cal. Apr. 30, 2013), and that maximum statutory damages are appropriate when the defendant willfully used the plaintiff's trademarks to compete with the plaintiff, *see eAdGear, Inc. v. Liu*, No. CV–11–05398 JCS, 2012 WL 2367805, at *19 (N.D. Cal. June 21, 2012). This Court concludes that Del Cueto's conduct likewise warrants imposition of the maximum statutory damages for each of the two domain names at issue.

CrossFit is entitled to recover costs of suit under the ACPA. *See* 15 U.S.C. § 1117(a) (a plaintiff establishing violation of 15 U.S.C. § 1125(d) may recover the costs of the action). The

Court also concludes that this is an exceptional case warranting an award of attorneys' fees. *See id.* ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). "A trademark case is exceptional where the district court finds that the defendant acted maliciously, fraudulently, deliberately, or willfully." *Watec Co. v. Liu*, 403 F.3d 645, 656 (9th Cir. 2005). Del Cueto entered into a contract with CrossFit, which he renewed for several years running, which granted him authority to use the CrossFit mark consistently with specific requirements intended to maintain the integrity of the CrossFit brand. *See* CrossFit Affiliate Agreement, Exh. B to Compl., ECF 1. Instead, Del Cueto used domain names incorporating the CrossFit mark to redirect consumers seeking an authentic CrossFit program to Del Cueto's unauthorized and directly competing programs. Compl. ¶¶ 36-46, ECF 1. Del Cueto's malicious and willful misuse of the CrossFit mark renders this an exceptional case within the meaning of 15 U.S.C. § 1117(a). CrossFit therefore will be granted an opportunity to present evidence of its costs and attorneys' fees after entry of default judgment.

The fifth factor, the possibility of a dispute regarding material facts, and the sixth factor, whether the default was due to excusable neglect, also weigh in favor of default judgment. Del Cueto has made no effort to dispute the facts alleged in the complaint despite being served with the action approximately a year ago. CrossFit additionally emailed a copy of the present motion to Del Cueto at his last known email addresses despite the fact that no notice of the motion was required. *See* Fed. R. Civ. P. 55(b)(2) (requiring notice of motion for default judgment only when the party against whom default judgment is sought has appeared in the case). Nothing in the record suggests that Del Cueto's use of the domain names at issue was the result of excusable neglect rather than intentional misconduct.

The seventh and final factor, the strong public policy favoring decisions on the merits, does not preclude default judgment when the other *Eitel* factors favor it. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, Del Cueto's failure to answer the complaint "makes a decision on the merits impractical, if not impossible." *Id.*

Having concluded that all but the last of the *Eitel* factors favor default judgment, the Court GRANTS CrossFit's motion.

### D. Injunctive Relief

In addition to the statutory damages, costs, and attorneys' fees discussed above, CrossFit requests that the Court permanently enjoin Del Cueto from using the CrossFit mark or any variant thereof, and to cooperate in transferring the domain names www.crossfitalfa.com and www.crossfitbeta.com to CrossFit.

This Court has express statutory "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable" to prevent a violation of the ACPA. *See* 15 U.S.C. § 1116(a). "Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). In order to obtain permanent injunctive relief, "[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

With respect to the first factor, irreparable injury, CrossFit has alleged that Del Cueto is using the domain names www.crossfitalfa.com and www.crossfitbeta.com to divert consumers seeking a CrossFit program to Del Cueto's competing programs. *See* Compl. ¶¶ 36-39. Del Cueto's unauthorized use of the CrossFit mark in the domain names is likely to mislead consumers into believing that Del Cueto's competing programs are affiliated with CrossFit. *See id.* ¶¶ 43-44. The fitness programs offered by Del Cueto differ materially from genuine CrossFit programs and CrossFit cannot maintain its customary quality control procedures for ensuring proper training at Del Cueto's programs. *See id.* ¶¶ 45-46. These allegations give rise to a reasonable inference that Del Cueto's conduct is confusing consumers and otherwise damaging goodwill in the CrossFit brand. "[I]ntangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991).

As to the second factor, the adequacy of remedies at law, monetary damages are inadequate to compensate CrossFit for ongoing loss of customers and goodwill. *See Active Sports Lifestyle USA, LLC v. Old Navy, LLC*, No. SACV 12-572 JVS EX, 2014 WL 1246497, at *3 (C.D. Cal. Mar. 21, 2014) ("[L]oss of goodwill and damage to reputation are not easily measured, often rendering money damages inadequate.").

Turning to the third factor, balance of hardships, it is not clear whether depriving Del Cueto of use of the subject domain names would injure his business. However, Del Cueto does not have a legal right to use the domain names in the manner described in the complaint, and permitting him to do so would cause CrossFit injury in the form of customer confusion and loss of goodwill. The Court thus concludes that this factor weighs in favor of granting the requested injunctive relief.

With respect to the fourth and final factor, the public interest, "[i]n the trademark context, the public interest is usually the right of the public not to be deceived or confused." *Century 21 Real Estate*, 2011 WL 221651, at *13.

After considering all of these factors, the Court concludes the requested injunctive relief is appropriate in this case.

### E. Proposed Default Judgment Submitted by CrossFit

CrossFit has submitted a Proposed Default Judgment that generally is consistent with the present order. However, the Court finds paragraph 3(e) of the Proposed Default Judgment, prohibiting Del Cueto from "[o]therwise competing unfairly with CrossFit in any manner," to be overly broad. *See* Proposed Default Judgment, ECF 40-13. Accordingly, the Court will omit that language before signing CrossFit's Proposed Default Judgment.

## IV. ORDER

CrossFit's motion for default judgment is GRANTED.

Dated: February 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge