# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CROSSFIT, INC., <br>     Plaintiff, <br> v. <br> ANDRES DEL CUETO DAVALOS, <br>     Defendant. | Case No. 14-cv-00725-BLF <br><br> **ORDER AWARDING PLAINTIFF ATTORNEY'S FEES AND COSTS** |

On February 24, 2017, this Court granted Plaintiff CrossFit, Inc. ("CrossFit")'s motion for default judgment against Defendant Andres Del Cueto Davalos ("Del Cueto") and entered judgment in favor of Plaintiff. ECF 45, 46. The Court awarded CrossFit attorney's fees and litigation costs incurred in this action, pursuant to 15 U.S.C. § 1117(a), the amount to be determined after the entry of default judgment. Order Granting Pl.'s Mot. for Default J. Against Def. Andres Del Cueto Davalos ("Prior Order") 5–6, ECF 45. Presently before the Court is the Declaration of Christopher D. Dusseault in support of CrossFit's schedule of attorney's fees and bill of costs. Dusseault Decl., ECF 47. CrossFit seeks to recover $107,874.52 in fees and $1,752 in costs. Dusseault Decl. ¶¶ 10, 21. Because the Court has already determined that an award of fees and costs is appropriate, the Court must now determine whether Plaintiff's attorney rates and the claimed costs are reasonable.

In calculating awards for attorneys' fees, courts use "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal quotation marks and citations omitted); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). "The 'lodestar' is calculated by multiplying the number of

hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). The moving party bears the burden of providing relevant documentation demonstrating the reasonableness of the hours spent on the litigation. *Hensley*, 461 U.S. at 433. In the absence of adequate documentation supporting the number of hours expended on the lawsuit, "the district court may reduce the award accordingly." *Id.* "The district court also should exclude from this initial [lodestar] calculation hours that were not 'reasonably expended.'" *Id.* at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)).

When determining the reasonable hourly rate, the court must weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates. *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir. 1986) *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 886 (1984). Once calculated, the lodestar amount, which is presumptively reasonable, may be further adjusted based on other factors not already subsumed in the initial lodestar calculation. *Morales*, 96 F.3d at 363–64, 363 nn.3–4 (identifying factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)).

### A. Reasonableness of Rates

Plaintiff seeks to recover fees for work performed by six attorneys: Chris Dusseault, Perlette Jura, Abbey Hudson, Ilissa Samplin, Tom Pack, and Jose Massas Farell, as well as two paralegals. Their hourly rates and titles are as follows:

| Attorney | 2014 Reduced Rate | 2015 Reduced Rate | 2016 Reduced Rate | Title |
|---|---|---|---|---|
| Chris Dusseault | $540 | $610 | $680 | Partner |
| Perlette Jura | $515 | $555 | $595 | Partner |
| Abbey Hudson | $515 | $555 | $595 | Litigation Associate |
| Ilissa Samplin | $375 | $435 | $495 | Litigation Associate |
| Tom Pack | $375 | $435 | $495 | Former Litigation Associate |
| Jose Massas Farell | – | – | $295 | Mexican Counsel |
| Paralegal A | – | – | $135 | Paralegal |
| Paralegal B | – | – | $115 | Paralegal |

Dusseault Decl. ¶¶ 6, 9. In support of their request, Plaintiff, who bears the burden of establishing

reasonableness, states that the rates listed above have been found reasonable by other courts in this district. *Id.* (citing *Ferris v. All. Publ'g Inc*, No. 15-cv-5675, 2016 WL 7116110 (N.D. Cal. Dec. 6, 2016)).

"In the Bay Area, 'reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.'" *In re LinkedIn User Privacy Litig.*, 309 F.R.D. 573, 591–92 (N.D. Cal. 2015). Plaintiff's requested rates fall well within these parameters, and, based on the Court's prior experience, the Court find these rates to be reasonable in light of the attorneys' skill and experience.

### B. Reasonableness of Hours

The Court next considers the reasonableness of the hours expended. The Court cannot "uncritically" accept the plaintiff's representations; rather, it must assess the reasonableness of the hours requested. *Sealy, Inc. v. Easy Living, Inc*., 743 F.2d 1378, 1385 (9th Cir. 1984). In making this determination, the Court can reduce hours when documentation is inadequate, or when the requested hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34.

Plaintiff expended 238.9 hours by the attorneys and paralegals mentioned above, however only seeks compensation for 179.2 hours. Dusseault Decl. ¶ 7. Plaintiff submitted hourly records divided by task, as follows:

| Category of Tasks | Actual Time Spent by Gibson Dunn | Total Time Spent by Gibson Dunn for Which CrossFit is Requesting Compensation |
|---|---|---|
| Filing of the Complaint / Maintenance | 77.3 hours | 58 hours |
| Service | 61.8 hours | 46.35 hours |
| Seeking Default | 99.8 hours | 74.85 hours |
| **Total** | **238.9 hours** | **179.2 hours** |

*Id.* For this work, Plaintiff seeks to recover $92,262.38 in fees. Dusseault Decl. ¶ 8. Plaintiff also seeks to recover $15,612.14 in fees attributable to Mr. Farell's and the two paralegals efforts to serve Del Cueto. *Id.* ¶ 9; Ex. B to Dusseault Decl.

Plaintiff explains that the first category of work, filing of the complaint and maintenance of the action, includes pre-complaint investigation, drafting of the Complaint, and conducting

3

additional research and analysis in support of the causes of action. *Id.* ¶ 11. In addition, this category includes work done in connection with maintaining the action before the Court while service was pending—namely, providing status updates to the Court and attending Case Management Conferences. *Id.*; *see also* Ex. A to Dusseault Decl., ECF 47-1. Given the complexity of this case, and the thoroughness of the Complaint, the Court finds 58 hours to be reasonable.

The second category of work, service, includes time spent pursuing service, developing alternative strategies to effectuate service, working with private investigators regarding service issues, and repeated trips by Mexican counsel to the local court to check on the status of service. Dusseault Decl. ¶ 12; Exs. A & B to Dusseault Decl., ECF 47-1, 47-2. Mr. Dusseault declares that CrossFit's counsel and Mexican counsel were forced to expend a large amount of time and resources on service because Del Cueto repeatedly attempted to evade service. Dusseault Decl. ¶ 12; *see also* ECF 22, 31, 40. Given Del Cueto's repeated attempts to evade service, and the transnational nature of service, the Court finds 46.35 hours to be reasonable.

The third category of work, seeking default against Del Cueto, reflects the time spent preparing the Request for Entry of Default, the Motion for Default Judgment and supporting documentation, as well as the time preparing for the hearing on the same. Dusseault Decl. ¶ 13; Ex. A to Dusseault Decl. The Court finds the time expended for this purpose reasonable.

The Court notes that Plaintiff has voluntarily reduced its fee request by 25% of the hours expended and decreased counsel's regular hourly rate by 25%. This voluntary reduction adequately addresses any concern the Court might have regarding hours expended prosecuting the case. Thus, the Court finds no reason to further reduce the lodestar amount. The total fees requested are reasonable and will be awarded.

In sum, the Court finds the hours spent on this case to be reasonable in light of the work accomplished and the skill and expertise of the attorneys. Accordingly, the Court does not find it necessary or appropriate to adjust the lodestar amount.

**C.   Costs**

In addition, CrossFit seeks $1,752 as reimbursement for costs related to this lawsuit.

Dusseault Decl. ¶¶ 21, 22; Exs. C & D to Dusseault Decl., ECF 47-3, 47-4. Specifically, CrossFit seeks $1,352 in costs in connection with service of this lawsuit, and $400 in costs connected with filing this lawsuit. Finding these costs reasonable, the Court awards Plaintiff $1,752 in costs.

**D. Order**

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff shall recover attorney's fees in the amount of $107,874.52 and costs in the amount of $1,752, for a total of $109,626.52

Dated: April 25, 2017

_____
BETH LABSON FREEMAN
United States District Judge